﻿Citation Nr: AXXXXXXXX
Decision Date: 02/27/20 Archive Date: 02/27/20

DOCKET NO. 190712-13661
DATE: February 27, 2020

ORDER

An initial 10 percent rating, but no higher, for bilateral dry eye syndrome is granted.

FINDINGS OF FACT

1. The Veteran’s bilateral dry eye syndrome is manifested by red, dry, and itchy eyes. 

2. The Veteran’s bilateral eye syndrome does not result in dysfunction of the lacrimal apparatus; there is no evidence of glaucoma requiring continuous medication, visual impairment, incapacitating episodes, or other residuals.

CONCLUSION OF LAW

The criteria for an initial 10 percent rating, but no higher, for bilateral dry eye syndrome are met. 38 U.S.C. §§ 1155, 5107 (2012); 38 C.F.R. §§ 3.102, 4.1-4.16, 4.20, 4.75-4.79, Diagnostic Code 6018 (2019).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from June 1995 to November 2018.

An April 2019 rating decision granted service connection for bilateral dry eye syndrome and assigned a noncompensable rating. In May 2019, the Veteran requested a higher-level review, and in a June 2019 rating decision, the RO continued the noncompensable rating. Thereafter, in July 2019, the Veteran appealed the denial of entitlement to an initial compensable rating for bilateral dry eye syndrome directly to the Board, choosing the Direct Review lane. 38 C.F.R. § 19.2(d).

Initial Compensable Rating for Bilateral Dry Eye Syndrome

The Veteran seeks an initial compensable rating for bilateral dry eye syndrome.

VA recently issued a final rule revising the portion of the VA Schedule for Rating Disabilities that addresses the organs of special sense and schedule of ratings-eye. 89 Fed. Reg. 15316 (Apr. 10, 2018). The final rule became effective, May 13, 2018. These criteria are applicable to the instant claim.

The current criteria for rating disabilities of the eye includes a General Rating Formula for Diagnostic Codes 6000 through 6009, which directs that evaluation of a disability rated under Codes 6000 through 6009 should be on the basis of either visual impairment due to the particular condition or on incapacitating episodes, whichever results in a higher evaluation. 38 C.F.R. § 4.79.

DC 6025 provides a 10 percent rating is warranted for unilateral involvement of the lacrimal apparatus (epiphora, dacryocystis, etc.) and a 20 percent rating for bilateral involvement.

Chronic conjunctivitis is rated pursuant to DC 6018. Under the current criteria, an active disease process is rated pursuant to the General Rating Formula for Diseases of the Eye, with a minimum rating of 10 percent. For an inactive disease process, the criteria instruct to evaluate based on residuals, such as visual impairment and disfigurement (DC 7800).

The May 2018 amendments made no substantive changes to how visual acuity is rated. With regard to visual field and muscle function examinations, the use of a Goldmann chart is no longer required. There are otherwise no substantive changes to how those types of visual impairment are rated.

The record reflects that, the Veteran underwent a VA eye examination in December 2018, just a week after service separation. He reported that he wore glasses mainly for night driving and had itchy eyes in the past few years, which he treated with artificial tears that he used as needed. Visual acuity showed uncorrected distance vision 20/20 in the right eye and 20/40 in the left. Uncorrected near vision was 20/40, bilaterally. Corrected distance and corrected near vision were 20/20 or better, bilaterally. Pupils were normal and there was no evidence of anatomical loss, light perception only, extremely poor vision, or blindness. There was no astigmatism or diplopia. Slit lamp and external eye examination was abnormal and revealed nasal pinguecula, bilaterally. A diagnosis of bilateral pinguecula was rendered. Fundus was normal, bilaterally, and there was no evidence of visual field defects. The examiner noted that the Veteran’s condition was an external eye condition, identified as bilateral pinguecula with no decrease in visual acuity or other visual impairment. There was no scarring or disfigurement and no incapacitating episodes. The eye condition caused no impact on the Veteran’s ability to work.

In March 2019, the Veteran underwent an additional VA eye conditions examination, at which time, the VA examiner confirmed diagnoses of bilateral pinguecula and bilateral dry eyes. The Veteran again reported that he wore glasses, mainly for night driving. He had itchy dry eyes at night, which he treated with artificial tears as needed. Visual acuity showed uncorrected distance vision of 20/20 or better, bilaterally, and uncorrected near vision of 20/40, bilaterally. Corrected distance and near vision were 20/20 or better, bilaterally. Pupils were normal and there was no evidence of anatomical loss, light perception only, extremely poor vision, or blindness. There was no astigmatism or diplopia. Slit lamp and external eye examination was abnormal and revealed nasal pinguecula, bilaterally. Fundus was normal, bilaterally, and there was no evidence of visual field defects. The examiner noted external eye condition, which was identified as bilateral pinguecula, and lacrimal system conditions, identified as dry eye syndrome. Both conditions did not result in decrease of visual acuity or other visual impairment. Regarding the dry eye syndrome, the examiner indicated that the Veteran used over-the-counter artificial tear drops. There was no scarring or disfigurement and no incapacitating episodes. The diagnosed conditions did not impact the Veteran’s ability to work.

According to April 2019 VA treatment records, the Veteran had no vision problems and no itching of the eyes. He also denied having any eye discharge or red eyes. Pupils were normal and externally the conjunctiva exhibited no abnormalities.

In a May 2019 statement in support of claim, the Veteran stated that his disability should be rated pursuant to DC 6018 for active disease process and not DC 6025. Thereafter, in a July 2019 statement in support of claim, the Veteran indicated that upon review, he agrees that his disability should be rated pursuant to DC 6025. He indicated that dry eye syndrome did not have a specific diagnostic code for rating purposes and DC 6025 does not provide a noncompensable (0 percent) rating. He concluded that since his eye disability was bilateral, a 20 percent rating was warranted.

Analysis

The RO has rated the Veteran’s dry eye syndrome as noncompensable under Diagnostic Code 6099-6025 for disorders of the lacrimal gland.

Dry eye syndrome is not a condition specifically listed in the rating schedule and is therefore to be rated by analogy to a closely related disease or injury. See 38 C.F.R. § 4.20. It is permissible to rate under a closely rated disease or injury in which the functions affected, anatomical location, and symptomatology are closely analogous. See Lendenmann v. Principi, 3 Vet. App. 345 (1992).

Applicable here, DCs 6000-6091 relate to disabilities of the eye and, therefore, have an analogous anatomical location. The Veteran’s dry eye syndrome relates, in part, to dysfunction of the lacrimal system, which is part of the bodily system that creates tears. DC 6025, which concerns disorders of the lacrimal apparatus, also affect tear creation. 

In this case however, although the Veteran’s eye condition is generally considered a disorder of the lacrimal system, there is no evidence that he has any dysfunction of the lacrimal apparatus, as determined by the 2019 VA examiner. 

Of note, disorders specifically of the lacrimal apparatus include conditions such as epiphora, which is defined as a watering of the eyes due to excessive secretion of tears or to obstruction of the lacrimal passages. See, https://www.merriam-webster.com/medical/epiphora. To the contrary, the Veteran’s symptoms are dry, red, and itchy eyes. For these reasons, the Board finds that the Veteran’s symptoms are not analogous to DC 6025. 

Rather, the Board finds that the Veteran’s bilateral dry eye symptoms are more analogous to active chronic conjunctivitis under DC 6018. Of the pertinent DCs, the Board finds that DC 6018 is the most appropriate because of its analogous location, symptoms, and affected functions. Accordingly, the Veteran’s dry eye syndrome will be rated pursuant to 38 C.F.R. § 4.79, DC 6018, as analogous active chronic conjunctivitis.

Based on a review of all evidence of record, the Board finds that an initial 10 percent rating is warranted for the entire appeal period pursuant to DC 6018. 

As indicated, the Veteran’s bilateral dry eye syndrome manifests in red, dry and itchy eyes at night, as reported during the 2018 and 2019 VA compensation examinations. These manifestations are more analogous to active chronic conjunctivitis, and accordingly, for the entire appeal period, an initial 10 percent rating is warranted under DC 6018, which is the minimum rating for active disease process. 

A rating higher than 10 percent may be warranted based on visual impairment, incapacitating episodes, or other residuals. The evidence shows the Veteran’s corrected distance vision is 20/20, bilaterally, which corresponds with a noncompensable rating based on visual acuity. There is no evidence of glaucoma requiring continuous medication, a visual field defect or impairment of muscle function. Therefore, the Veteran’s dry eye syndrome does not manifest in a compensable level of visual impairment or allow for a rating higher than 10 percent.

The Board further finds that the evidence does not show the Veteran’s dry eye syndrome have manifested in incapacitating episodes (i.e., severe eye condition requiring clinic visits to a provider specifically for treatment purposes). Here, the evidence shows that the Veteran only uses over-the-counter artificial eye drops, as needed, and there is no evidence that the Veteran requires regular clinic visits to treat his dry eye syndrome. Accordingly, incapacitating episodes do not allow for a higher rating.

Lastly, there is no evidence of any other conditions related to the service-connected dry eye syndrome. Accordingly, a separate rating for any residuals of dry eye syndrome is not warranted. 38 C.F.R. § 4.79, DC 6018 (allowing for rating residuals based on an appropriate DC). 

The Board recognizes that the Veteran is also diagnosed with bilateral pinguecula; however, there is no evidence that such condition is in any way related to the dry eye syndrome, and at any rate, it is already separately rated. 

Based on this body of evidence, the Board concludes that, for the entire appeal period, an initial 10 percent rating, but no higher, for bilateral dry eye syndrome is warranted. The preponderance of the evidence is against any higher or separate rating; thus, the benefit-of-the-doubt doctrine is not further applicable. See 38 U.S.C. § 5107 (b); 38 C.F.R. §§ 3.102, 4.3.

 

 

S. B. MAYS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Yaffe, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.